**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEAN WEBERT APPOLOS LOUIS, | No. 20-72469 |
| Petitioner, | Agency No. A209-129-848 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 16, 2021
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

The immigration judge (IJ) ordered Petitioner Jean Webert Appolos Louis

removed to Brazil, and in the alternative removed to Haiti. With respect to both

countries, the IJ denied Louis asylum, withholding of removal, and protection

under the Convention Against Torture (CAT). Louis now petitions for review of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the Board of Immigration Appeals' (BIA) denial of asylum and withholding of removal to Haiti. He does not seek review of the denial of his CAT claims or the denial of his asylum and withholding claims with respect to Brazil.

Louis argues that the BIA erred in concluding that he did not suffer past persecution, that no nexus exists between his persecution and his sexual orientation, and that the Haitian government is unwilling or unable to protect LGBTQ individuals. He also challenges the BIA's denial of asylum on the additional ground that Louis had firmly resettled in Brazil and was not eligible for an exception to the firm resettlement bar. We grant the Petition and remand.

Louis's step-brothers learned of his sexual orientation from a man who told them he had a romantic relationship with Louis. They murdered that individual, set fire to the site, and announced that Louis was tarnishing the family name. Louis maintains these actions were an indirect threat on his own life. He testified he did not report the murder to the authorities because of their unwillingness to protect LGBTQ people. The BIA denied withholding from Haiti because it found that the Haitian authorities were trained and able to provide protection to LGBTQ individuals.

The evidence in the record, however, compels a contrary conclusion. Louis, who was found credible by the IJ, testified about his prior interactions with

2

authorities, including the description of an incident where authorities beat individuals demonstrating in favor of LGBTQ rights legislation. Evidence in the country conditions reports further demonstrates the futility of reporting crimes against LGBTQ individuals. The reports reflect that law enforcement refuses to investigate anti-LGBTQ crimes in order to avoid being perceived as supporting LGBTQ individuals. They provide specific examples of failures to investigate rapes, murders, and other physical violence against LGBTQ victims. The record shows that whatever training the officers may have received to investigate such crimes was ineffectual. The BIA's denial of withholding and asylum on the finding that the government could protect LGBTQ individuals is not supported by substantial evidence.

In denying asylum and withholding, the BIA did not consider whether the murder of Louis's sexual partner and subsequent death threats constituted persecution. The BIA also did not address whether those actions were on account of Louis's LGBTQ status. We remand to allow the BIA to consider those issues in the first instance. *See J.R. v. Barr*, 975 F.3d 778, 785 (9th Cir. 2020).

With respect to resettlement in Brazil, the BIA correctly recognized that Louis had been granted indefinite legal status to reside in that country. The government satisfied its burden of showing that Louis received "an offer of some

type of permanent resettlement," *Maharaj v. Gonzales*, 450 F.3d 961, 976 (9th Cir. 2006) (en banc), based on Louis's testimony that he had permanent status, and a written communication from the Brazilian government to that effect.

Louis may nevertheless qualify for the "restricted residence exception" to the firm resettlement bar. *See Aden v. Wilkinson*, 989 F.3d 1073, 1080 (9th Cir. 2021). The BIA held that Louis did not qualify for the exception because he did not have a well-founded fear of persecution in Brazil. But Louis did not need to prove fear of persecution to qualify for the exception. While persecution would be sufficient to show that Louis was not firmly resettled in Brazil, it is not necessary. The exception applies so long as "the conditions of [the alien's] residence in that country were so substantially and consciously restricted by the authority of the country of refuge that he or she was not in fact resettled." 8 C.F.R. § 208.15(b) (2017); *see also Aden*, 989 F.3d at 1080. The BIA erred by applying the wrong standard.

The record compels the conclusion that the Haitian government is unwilling or unable to protect Louis, and the BIA applied an incorrect standard in holding he had firmly resettled in Brazil. We remand to the BIA to consider Louis's claims for withholding of removal from Haiti and asylum from Haiti consistent with this decision.

The motion for a stay of removal is granted.  Louis's removal is stayed pending a decision by the BIA.

The Petition for Review is **GRANTED**.